UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ENVIRONMENTAL DEFENSE FUND,

       Plaintiff,

    v.

CHRISTOPHER WRIGHT,
Secretary of Energy, et al.,

       Defendants.

Civil Action No. 26-0928 (CJN)

**MOTION TO STAY**

Pursuant to Federal Rule of Civil Procedure ("Rule") 6 and this Court's inherent authority, Defendants Christopher Wright, in his official capacity as Secretary of Energy; U.S. Department of Energy ("DOE"); Edward Forst,[1] in his official capacity as Acting Archivist of the United States; and the National Archives and Records Administration ("NARA") (collectively, "Defendants"), by and through their undersigned counsel, respectfully move to stay this action and any forth coming deadlines (including Defendants' deadline to respond to the Complaint) for 60-days pending the resolution of a formal review by NARA related to the allegations within the Complaint. Further, Defendants also request that the Court order Defendants to file a Status Report by July 31, 2026, updating the Court on the status of NARA's review.

Pursuant to Local Civil Rule 7(m), the undersigned has conferred with counsel for Plaintiff, and Plaintiff opposes the relief sought. Plaintiff offered to consent to the request provided that Defendants "provide[] a detailed update on the results of the investigation" and include, as part of its review, allegations that are not a part of this action. Defendant agreed to provide a status update

---

[1] Substituting Edward Forst in for James Byron.

regarding NARA's review, as noted in Defendant's proposed order, but informed Plaintiff that it would need to submit its new allegations through the normal administrative process.

A proposed order is attached

## BACKGROUND

Plaintiff filed this Administrative Procedure Act ("APA") action on March 17, 2026 (ECF No. 1). Plaintiff alleges violations of the Federal Records Act ("FRA"). *See generally*, Compl.

Plaintiff alleges that it has submitted numerous Freedom of Information Act requests to DOE since January 2025. *Id*. ¶ 47. However, in response to one of its requests, which sought "records of correspondence of DOE political appointees," Plaintiff was informed that the DOE lacked responsive records. *Id*. ¶ 48.

Plaintiff further alleges that, after reviewing documents DOE produced in litigation in the U.S. District Court for the District of Massachusetts in December 2025, it identified "use of personal email accounts by [three] DOE political appointees to conduct government business." *Id*. ¶ 36. Believing that these officials used their personal email accounts for official business but failed to "forward the emails to their official email accounts," *id*. ¶ 49, Plaintiff notified Defendants Wright and DOE on February 9, 2026 of "[DOE's] obligations to preserve electronic records under the FRA" and requested a response by "March 2, 2026, describing the actions [Wright] has taken to address the issues raised in [Plaintiff]'s letter," *id*. ¶¶ 52-53.

On that same day, Plaintiff provided the same notification to Defendant NARA, with a requested March 2, 2026, response date. *Id*. ¶¶ 54-55.

After neither Defendant responded to its letter, Plaintiff filed this action on March 17, 2026.

Since that time, on May 6, 2026, NARA has initiated a formal review related to Plaintiff's allegations.

## ARGUMENT

"'The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Hulley Enters. Ltd. v. Russian Fed'n*, 502 F. Supp. 3d 144, 152 (D.D.C. 2020) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).

As part of its requested relief, Plaintiff asks the Court to order "Defendants to comply with their respective duties under the FRA and APA." Compl. at 19. In light of NARA's review, a stay of proceedings will further judicial economy and the Court's administration of this matter. *Center for Biol. Div. v. Ross*, 419 F. Supp. 3d 16, 20 (D.D.C. 2019) ("A federal district court has broad discretion to stay proceedings as an incident to its power to control its own docket."). NARA's review may render moot Plaintiff's requested relief, and thus a stay of this case for 60 days may avoid the unnecessary expenditure of limited resources by the parties and the Court.

\*　\*　\*

## CONCLUSION

For these reasons, the Court should stay this action for 60 days, and order Defendants to file a Status Report updating the Court on the status of the NARA formal review by July 31, 2026.

Dated: June 2, 2026

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: */s/ Derrick A. Petit*
Derrick A. Petit, D.C. Bar No. 144466
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-7269
Derrick.Petit@usdoj.gov

*Attorneys for the United States of America*

- 3 -

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ENVIRONMENTAL DEFENSE FUND,

Plaintiff,

v.

CHRISTOPHER WRIGHT,
Secretary of Energy, et al.,

Defendants.

Civil Action No. 26-0928 (CJN)

**[PROPOSED] ORDER**

UPON CONSIDERATION of Defendants' Motion to Stay, and the entire record herein, it is hereby

ORDERED that Defendants' Motion to Stay is GRANTED, and it is further

ORDERED that this action is STAYED for 60-days, and it is further

ORDERED that Defendants shall file a Status Report by July 31, 2026, updating the Court on the status of NARA's formal review.

SO ORDERED:

_____          _____
Date                       CARL J. NICHOLS
                           United States District Judge