**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

ENVIRONMENTAL DEFENSE FUND,

*Plaintiff,*

v.

CHRISTOPHER WRIGHT, in his official capacity
as Secretary of Energy, *et al.*,

*Defendants*.

Case No. 26-cv-928

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO STAY**

Plaintiff Environmental Defense Fund (EDF) respectfully submits this response to
Defendants' motion to stay this action for 60 days. As explained further below, EDF has a time-
sensitive need to ensure that federal records it has requested from the Department of Energy
(DOE) are being preserved under the Federal Records Act (FRA) and ultimately disclosed to
EDF pursuant to outstanding requests under the Freedom of Information Act (FOIA).
Specifically, EDF requested federal records under FOIA that would be relevant to the
Environmental Protection Agency's (EPA) rulemaking to repeal its 2009 Endangerment Finding,
the science-based determination by EPA that greenhouse gases threaten the public health and
welfare, and that emissions from motor vehicles and engines contribute to the greenhouse gas
pollution that threatens public health and welfare. EPA finalized that action in February 2026,
before DOE provided any records, and now, the records may be relevant in the pending court
challenge. As set forth in its complaint in this case, EDF has strong reason to believe that certain
DOE officials are not preserving all federal records relevant to that action consistent with their
obligations under the FRA.

In light of the National Archives and Records Administration's (NARA) stated intent to investigate EDF's allegations, EDF informed Defendants that it would be willing to consent to a 60-day stay provided that NARA ensure that its investigation include a review of the unauthorized use of the messaging app Signal by DOE officials, including one specific DOE official. Defendants, however, were unwilling to agree to include this issue within their inquiry, insisting instead that the creation of such records on a personal device was not within the scope of this case.

Although unlawful use of private messaging applications is encompassed in EDF's initial notification to NARA, EDF has now supplemented its request, and it would be inefficient for this case to be stayed in its entirety for 60 days while NARA carries out an investigation that excludes any review of unauthorized Signal use from the DOE official in question and potentially others, particularly where the individual alleged to have used Signal for government business is also the subject of NARA's investigation into unauthorized personal email use.

Accordingly, EDF respectfully opposes Defendants' request for a 60-day stay while NARA conducts only a limited investigation; though EDF would not oppose the Court's grant of a 60-day stay that directs NARA to undertake a *comprehensive* investigation, including the review of the use of electronic messaging, including Signal, by DOE officials. If the Court grants a stay, EDF therefore requests that it direct that NARA's ongoing investigation must encompass use of electronic messaging, including Signal, by DOE officials. At a minimum, the Court should deny Defendants' request to stay the entire case, as opposed to simply extending Defendants' deadline to answer or otherwise respond to the complaint.

**BACKGROUND**

This case concerns the widespread, unauthorized use of personal email and other electronic messaging accounts by certain DOE officials to conduct official government business, in violation of the FRA. As set forth in the complaint, documents produced to EDF pursuant to a court order in a separate lawsuit reveal that at least three DOE political appointees—Seth Cohen, Travis Fisher, and Joshua Loucks—regularly used unauthorized, personal email accounts to conduct government business. EDF seeks declaratory and injunctive relief requiring Defendants to comply with their duties under the FRA, including ensuring that all federal records sent or received on personal email or messaging accounts are preserved.

As explained in the complaint, EDF has submitted fifteen FOIA requests to DOE seeking records of the correspondence of DOE officials, including "emails, voicemails, text messages, and Signal messages." Compl. ¶ 47. At least eight of those requests remain pending and seek communications that would include emails sent from personal email accounts or Signal. *Id.* ¶ 51. And at least four of those pending FOIA requests seek records that are potentially relevant to a pending challenge to the Environmental Protection Agency's recent action to repeal its 2009 Endangerment Finding. *See Am. Pub. Health Ass'n v. EPA*, No. 26-1037 (D.C. Cir.). EDF thus has a pressing need to ensure that the requested documents are preserved and disclosed in accordance with the FRA and FOIA.

EDF first notified DOE and NARA of its concerns that DOE officials were not complying with the FRA on February 9, 2026 and requested that Defendants take steps to ensure preservation of federal records. *See* Exs. A–B (EDF Letters to DOE and NARA); *see also* Compl. ¶¶ 52–57. EDF specifically expressed "concern[] that DOE political officials are systematically using non-governmental email and electronic messaging accounts to conduct

3

official government business, and that the agencies may be failing to appropriately preserve these records." Ex. A at 4 (emphasis added). EDF requested that NARA "immediately take all appropriate actions," including "to ensure that employees are appropriately creating and preserving records within government systems on a going-forward basis." *Id.*

After hearing nothing from DOE or NARA for over a month, EDF filed this action on March 17, 2026. Dkt. 1. Defendants' deadline to answer or otherwise respond to the complaint was originally May 18. EDF consented to Defendants' motion for a 21-day extension of that deadline to June 8 as a professional courtesy. Dkt. 10.

On May 28, 2026, government counsel informed EDF that NARA had initiated an investigation into the unauthorized use of personal email accounts and sought a 60-day stay to allow NARA to complete its review. EDF stated that it would consent to a 60-day extension on the following two conditions: (1) the government provides a detailed update on the results of the investigation at the 60-day mark and (2) to ensure thoroughness and efficiency, the investigation includes the use of Signal by DOE official Seth Cohen, as well as by any other DOE officials for whom there is similar reason to believe that they have used Signal in this manner. EDF noted that it had learned that Cohen specifically has regularly used Signal for substantive work communications, and therefore the investigation and recovery of his Signal records should occur at the same time as the inquiry into his personal email use. Defendants, however, would not agree to the second condition, taking the position that Cohen's Signal use is "not a part of this case" and that EDF would need to initiate a new request through administrative channels that NARA investigate unauthorized Signal use.[1]

---

[1] Although EDF's prior letters to DOE and NARA fairly encompassed unauthorized Signal use, given Defendants' position that EDF would have to initiate a new request before it investigated such allegations, EDF submitted such a letter to NARA earlier today. *See* Ex. C.

**ARGUMENT**

As the party requesting a stay, Defendants "bear[] the burden of establishing [their] need" for a stay. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). "[I]f there is even a fair possibility that the stay" will prejudice Plaintiffs, Defendants "must make out a clear case of hardship or inequity in being required to go forward." *Landis v. North Am. Co.*, 299 U.S. 248, 255 (1936).

Defendants' sole basis for a stay is that NARA's investigation "may render moot Plaintiff's requested relief" and thus a stay of this case for 60 days "may avoid the unnecessary expenditure of limited resources by the parties and the Court." Mot. 3. But NARA has limited its investigation to exclude allegations of the use of Signal messages, even though EDF's prior letters encompassed "electronic messaging accounts" and EDF has now specifically notified DOE and NARA—through their counsel and a supplemental letter to NARA—of Mr. Cohen's unauthorized use of Signal. Had NARA agreed to conduct an investigation of an appropriate scope that included investigating unlawful Signal use, EDF would have been willing to consent to a stay to give NARA time to complete its investigation. But by limiting its investigation to address only emails, staying these proceedings for *another* 60 days, after Defendants have already had nearly four months to investigate EDF's allegations, would not be in the interest of judicial economy. There is no reason to stay this case for 60 days while NARA conducts a limited investigation into unauthorized use of personal email, only for it to then claim that it needs another 60 days to investigate Signal use, especially when the two investigations involve the same individuals at the same agency.

Meanwhile, there is more than a "fair possibility" that EDF will be harmed by further delay in this case. *Landis*, 299 U.S. at 255. As explained, EDF has sought records through FOIA in part because they would be relevant to a rulemaking proceeding that concluded before DOE

5

provided any records and which is now subject to pending challenges in the D.C. Circuit. The longer this case remains unresolved, the greater the risk that EDF will not be able to obtain the records in time to assess the relevance of those records and raise them as necessary in its challenge to EPA's repeal of the Endangerment Finding. EDF has already consented to a 21-day extension of Defendants' 60-day answer deadline as a professional courtesy, but cannot agree to a further 60-day extension absent assurances that NARA's investigation will cover all relevant federal records implicated by its FOIA requests, including Signal messages, to ensure the efficient prosecution of this case subsequent to the current NARA investigation.

Accordingly, EDF respectfully opposes Defendants' request for a 60-day stay. If the Court grants a stay, EDF requests that it direct that NARA's ongoing investigation must encompass use of electronic messaging, including Signal, by DOE officials. At a minimum, any relief should be limited to an extension of Defendants' answer deadline, rather than staying the case in its entirety. *See* Mot. 1.

June 4, 2026                                          Respectfully submitted,

                                                     */s/ Daniel F. Jacobson*
                                                     Daniel F. Jacobson (D.C. Bar 1016621)
                                                     Lynn D. Eisenberg (D.C. Bar 1017511)
                                                     John Robinson (D.C. Bar 1044072)
                                                     JACOBSON LAWYERS GROUP PLLC
                                                     5100 Wisconsin Ave NW, Suite 301
                                                     Washington, DC 20016
                                                     (301) 823-1148
                                                     dan@jacobsonlawyersgroup.com


                                                     */s/ Erin Murphy*
                                                     Erin Murphy (Bar ID D00532)*
                                                     ENVIRONMENTAL DEFENSE FUND
                                                     555 12th St. NW, Suite 400

Washington, D.C. 20004
 (202) 572-3525
emurphy@edf.org
*Practicing pursuant to D.C. Ct. App. Rule 49(c)(3)*


*Counsel for Plaintiff*

7