# Exhibit A



February 9, 2026

VIA EMAIL

James Byron, Senior Advisor to the Archivist of the United States
William P. Fischer, Acting Chief Records Officer
National Archives & Records Administration
8601 Adelphi Road
College Park, MD 20740

**Re:     Obligations to Preserve Electronic Federal Records and Enable Production
         of Such Records by Agencies When Lawfully Requested**

Dear Senior Advisor Byron and Acting Chief Records Officer Fischer:

Environmental Defense Fund ("EDF") respectfully writes to identify legal responsibilities of the
Archivist (or acting official) and Acting Chief Records Officer under the Federal Records Act to
ensure the preservation of records by federal agencies across the government, and to notify
agency heads of possible failures to preserve agency records.

Recently disclosed records clearly demonstrate that Trump Administration officials at the U.S.
Department of Energy ("DOE") have used, and may be continuing to use, personal email
addresses to conduct government business—including involving the U.S. Environmental
Protection Agency ("EPA") and the White House.

A federal judge recently ordered DOE and the Climate Working Group ("CWG")—a committee
subject to the Federal Advisory Committee Act ("FACA")—"to produce FACA Records," *EDF v.
Wright*, Case 1:25-cv-12249, ECF No. 78 (D. Mass., order issued at hearing and docketed Dec. 8,
2025). The disclosed records show multiple instances of at least three DOE political
appointees—Travis Fisher, Joshua Loucks, and Seth Cohen—communicating using their
personal email accounts with each other and members of the CWG. The disclosed emails were
clearly created for official DOE business purposes—they discuss DOE's oversight of the CWG
and coordination with EPA and the White House, as the advisory committee developed a report
to support EPA's ongoing rulemaking to repeal the Endangerment Finding.

The Endangerment Finding is EPA's 2009 determination—based on mountains of scientific
evidence—that greenhouse gases in the atmosphere threaten the public health and welfare of
current and future generations, and that emissions from motor vehicles and engines contribute
to the greenhouse gas pollution that threatens public health and welfare. *See* 74 Fed. Reg.
66,496 (Dec. 15, 2009). On March 12, 2025, EPA issued a press release announcing "Trump
EPA Kicks Off Formal Reconsideration of Endangerment Finding with Agency Partners,"

555 12th Street NW          **EDF.org**              **A vital Earth. For everyone.**
Washington, DC 20004       **T** 202 387 3500

including a statement from Secretary of Energy Wright.[1] On July 29, 2025, in a joint event, EPA Administrator Zeldin issued EPA's proposal to repeal the Endangerment Finding and all standards to limit vehicle greenhouse gas emissions, and Secretary of Energy Wright issued the CWG's Report, "A Critical Review of Impacts of Greenhouse Gas Emissions on the U.S. Climate."[2] The EPA proposal cites the CWG Report 22 times. *See* 90 Fed. Reg. 36,288 (Aug. 1, 2025).

The recently disclosed records reveal extensive use of personal email accounts by DOE political appointees to conduct government business, with intention to avoid records rules. Attachment 1, appended to this letter, contains a small sample of these records, which also include references to communications these officials were having with EPA and the White House. For example:

- On April 19, 2025, DOE political appointee Fisher emailed the CWG advisory committee members, from a personal account, providing them an "assignment" for their work to draft the report, stating "I was asked to share the table of contents [for the report] with the EPA team this evening," and informing the CWG that "the EPA team asked that the document be DOE-branded." (Attachment 1 at 32, Bates 17144).
- In an April 24, 2025 email sent from a personal account, Fisher emailed the CWG members describing discussions between DOE, the White House, and EPA, including sharing that "Wright and Zeldin are traveling together today, so we should have an answer soon"—referring to Energy Secretary Wright and EPA Administrator Zeldin's pending decision about the deadline for the CWG to complete their report. (Attachment 1 at 28, Bates 16021).
- On June 3, 2025, DOE political appointee Seth Cohen emailed, from a personal account, Travis Fisher and Joshua Loucks (on their personal email accounts) and the CWG members, in a discussion regarding the "Scoping" for an analysis to be developed by the CWG. (Attachment 1 at 7, Bates 329).
- On July 1, 2025, Fisher, from a personal account, emailed DOE political appointees Loucks (at a personal account) and Cohen and the CWG members, to inform the group that "the draft notice of proposed rulemaking from EPA was circulated earlier today for interagency review"—presumably referring to EPA's proposed rule to repeal the Endangerment Finding. (Attachment 1 at 39-40, Bates 17250-17251).
- On July 19, 2025, Fisher, from a personal address, sent an email "to warn [CWG members] that all the reviewer materials will be coming from my DOE account . . . please keep in mind that my DOE emails (and your replies) will be easily discoverable by outside parties." (Attachment 1 at 3, Bates 160).
- After the release of its report, one CWG member sent an email to the group with the subject line "keeping it to ourselves," that warned that "email communications that go to DOE addresses are subject to FOIA" and urged the Group to keep future communications "restricted to the authors (except, of course, for matters that directly involve the DOE . . .)." (Attachment 1 at 23, Bates 1939).

---

[1] U.S. EPA, Press Release: Trump EPA Kicks Off Formal Reconsideration of Endangerment Finding with Agency Partners (Mar. 12, 2025), https://www.epa.gov/newsreleases/trump-epa-kicks-formal-reconsideration-endangerment-finding-agency-partners.

[2] *See* U.S. DOE, Department of Energy Issues Report Evaluating Impact of Greenhouse Gasses on U.S. Climate, Invites Public Comment (July 29, 2025), https://www.energy.gov/articles/department-energy-issues-report-evaluating-impact-greenhouse-gasses-us-climate-invites.

***Federal Records Act Obligations.*** The Federal Records Act ("FRA") requires that agency heads "shall make and preserve records containing adequate and proper documentation of the organization, functions, policies, decisions, procedures, and essential transactions of the agency." 44 U.S.C. § 3101. Agency heads also "shall establish safeguards against the removal or loss of records," including by "making it known to officials and employees of the agency . . . that records in the custody of the agency are not to be alienated or destroyed," *id.* § 3105; and "shall establish and maintain an active, continuing program for the economical and efficient management of the records of the agency," *id.* § 3102.

Individual federal employees also have obligations under the law. The FRA requires that federal employees "may not create or send a record using a non-official electronic messaging account unless such officer or employee" ensures the record is preserved, such as by "forward[ing] a complete copy of the record to an official electronic messaging account of the officer or employee not later than 20 days after the original creation or transmission of the record." 44 U.S.C. § 2911(a). Congress implemented this update to the FRA in 2014 to make clear that "an employee of an executive agency may not create or send a record from a nonofficial electronic messaging account without ensuring such record was submitted to an official electronic messaging account."[3]

The Archivist has a central role in ensuring fulfillment of these requirements. The Archivist "shall notify the head of a Federal agency" of any actual or impending unlawful removal or destruction of agency records "that shall come to the Archivist's attention." 44 U.S.C. § 2905(a). And the Archivist shall "assist the head of the agency in initiating action through the Attorney General for the recovery of records unlawfully removed and for other redress provided by law." *Id.* If the agency head "does not initiate an action for such recovery or other redress within a reasonable period of time after being notified," then "the Archivist shall request the Attorney General to initiate such an action, and shall notify the Congress when such a request has been made." *Id.*; *see also* 44 U.S.C. §§ 2115, 3106. Furthermore, if "the head of a Federal agency . . . is participating in, or believed to be participating in any such unlawful action, the Archivist shall request the Attorney General to initiate such an action, and shall notify the Congress when such a request has been made." *Id.* at § 3106(b).

Federal records include "all recorded information, regardless of form or characteristics, made or received by a Federal agency under Federal law or in connection with the transaction of public business." 44 U.S.C. § 3301(a)(1)(a).

***Freedom of Information Act ("FOIA") Obligations.*** Pursuant to FOIA, federal agencies must promptly make records available to any person that requests them, so long as the request is reasonably clear and satisfies agency rules. 5 U.S.C. § 552(a)(3)(A). Government records, even if held in a personal email account or elsewhere outside of the government in violation of obligations under the FRA, are subject to FOIA. *See Competitive Enter. Inst. v. Office of Sci. & Tech. Policy*, 827 F.3d 145, 149 (D.C. Cir. 2016).

The National Archives & Records Administration must ensure that agencies are comprehensively preserving government records. Compliance with the FRA is necessary to

---

[3] U.S. Senate Comm. on Homeland Sec. and Govt. Affairs, *Presidential and Federal Records Act Amendments of 2014*, S. Rep. No. 113-218 at 5 (2014), https://www.congress.gov/committee-report/113th-congress/senate-report/218/1?outputFormat=pdf.

ensure that agencies can comply with FOIA by releasing government records to the public when requested.

EDF has submitted 15 FOIA requests to DOE since January 2025, with at least eight requests seeking correspondence of Trump Administration officials at DOE including emails, voicemails, text messages, Signal messages, and correspondence transmitted through any other electronic platform. To date, EDF has not received any records from DOE in response to these FOIA requests. EDF has submitted 26 FOIA requests to EPA since January 2025, with at least 19 requests seeking correspondence of Trump Administration officials.

***The Archivist (or acting official) must uphold their duties under the FRA***. EDF is concerned that DOE political officials are systematically using non-governmental email and electronic messaging accounts to conduct official government business, and that the agencies may be failing to appropriately preserve these records and, when requested, provide them to the public. In light of the records detailed above, EDF is also concerned that these practices could be in use more broadly, such as by EPA or White House officials. The Archivist must notify the heads of DOE and any other relevant agencies of the unlawful removal of agency records through the use of personal messaging platforms to conduct government business; monitor to ensure the agency heads initiate action to recover the records; and if they do not, the Archivist must request that the Attorney General initiate such an action.

EDF respectfully requests that the Archivist (or acting official) immediately take all appropriate actions to fulfill these obligations—including to ensure preservation of records in the possession of former agency staff, and to ensure that employees are appropriately creating and preserving records within government systems on a going-forward basis. EDF requests that by March 2, the Archivist (or acting official) respond in full to describe any and all actions taken to address this time sensitive matter, including the initiation of any actions in conjunction with the Attorney General, Secretary of Energy, or other agency head to recover records.

Respectfully,

Erin Murphy
Peter Zalzal
Environmental Defense Fund
555 12th Street NW, Suite 400
Washington, DC 20004
emurphy@edf.org
202-572-3525

Cc:    Will Brown, Acting Inspector General, National Archives & Records Administration