# Exhibit B



February 9, 2026

VIA EMAIL

Secretary Christopher Wright
U.S. Department of Energy
1000 Independence Ave., SW
Washington, DC 20585

Re:    **Obligations to Preserve Electronic Federal Records and Produce Such Records When Lawfully Requested**

Dear Secretary Wright:

Environmental Defense Fund ("EDF") respectfully writes to identify legal responsibilities of the Secretary under the Federal Records Act and the Freedom of Information Act, to ensure the preservation of federal government records, and to produce such records to members of the public when they are requested.

Recently disclosed records clearly demonstrate that Trump Administration officials at the U.S. Department of Energy ("DOE") have used, and may be continuing to use, personal email addresses to conduct government business—including involving the U.S. Environmental Protection Agency ("EPA") and the White House.

A federal judge recently ordered DOE and the Climate Working Group ("CWG")—a committee subject to the Federal Advisory Committee Act ("FACA")—"to produce FACA Records," *EDF v. Wright*, Case 1:25-cv-12249, ECF No. 78 (D. Mass., order issued at hearing and docketed Dec. 8, 2025). The disclosed records show multiple instances of at least three DOE political appointees—Travis Fisher, Joshua Loucks, and Seth Cohen—communicating using their personal email accounts with each other and members of the CWG. The disclosed emails were clearly created for official DOE business purposes—they discuss DOE's oversight of the CWG and coordination with EPA and the White House, as the advisory committee developed a report to support EPA's ongoing rulemaking to repeal the Endangerment Finding.

The Endangerment Finding is EPA's 2009 determination—based on mountains of scientific evidence—that greenhouse gases in the atmosphere threaten the public health and welfare of current and future generations, and that emissions from motor vehicles and engines contribute to the greenhouse gas pollution that threatens public health and welfare. *See* 74 Fed. Reg. 66,496 (Dec. 15, 2009). On March 12, 2025, EPA issued a press release announcing "Trump EPA Kicks Off Formal Reconsideration of Endangerment Finding with Agency Partners,"

555 12th Street NW          **EDF.org**          **A vital Earth. For everyone.**
Washington, DC 20004        **T** 202 387 3500

including a statement from Secretary of Energy Wright.[1] On July 29, 2025, in a joint event, EPA Administrator Zeldin issued EPA's proposal to repeal the Endangerment Finding and all standards to limit vehicle greenhouse gas emissions, and Secretary of Energy Wright issued the CWG's Report, "A Critical Review of Impacts of Greenhouse Gas Emissions on the U.S. Climate."[2] The EPA proposal cites the CWG Report 22 times. *See* 90 Fed. Reg. 36,288 (Aug. 1, 2025).

The recently disclosed records reveal extensive use of personal email accounts by DOE political appointees to conduct government business, with intention to avoid records rules. Attachment 1, appended to this letter, contains a small sample of these records, which also include references to communications these officials were having with EPA and the White House. For example:

- On April 19, 2025, DOE political appointee Fisher emailed the CWG advisory committee members, from a personal account, providing them an "assignment" for their work to draft the report, stating "I was asked to share the table of contents [for the report] with the EPA team this evening," and informing the CWG that "the EPA team asked that the document be DOE-branded." (Attachment 1 at 32, Bates 17144).
- In an April 24, 2025 email sent from a personal account, Fisher emailed the CWG members describing discussions between DOE, the White House, and EPA, including sharing that "Wright and Zeldin are traveling together today, so we should have an answer soon"—referring to Energy Secretary Wright and EPA Administrator Zeldin's pending decision about the deadline for the CWG to complete their report. (Attachment 1 at 28, Bates 16021).
- On June 3, 2025, DOE political appointee Seth Cohen emailed, from a personal account, Travis Fisher and Joshua Loucks (on their personal email accounts) and the CWG members, in a discussion regarding the "Scoping" for an analysis to be developed by the CWG. (Attachment 1 at 7, Bates 329).
- On July 1, 2025, Fisher, from a personal account, emailed DOE political appointees Loucks (at a personal account) and Cohen and the CWG members, to inform the group that "the draft notice of proposed rulemaking from EPA was circulated earlier today for interagency review"—presumably referring to EPA's proposed rule to repeal the Endangerment Finding. (Attachment 1 at 39-40, Bates 17250-17251).
- On July 19, 2025, Fisher, from a personal address, sent an email "to warn [CWG members] that all the reviewer materials will be coming from my DOE account . . . please keep in mind that my DOE emails (and your replies) will be easily discoverable by outside parties." (Attachment 1 at 3, Bates 160).
- After the release of its report, one CWG member sent an email to the group with the subject line "keeping it to ourselves," that warned that "email communications that go to DOE addresses are subject to FOIA" and urged the Group to keep future communications "restricted to the authors (except, of course, for matters that directly involve the DOE . . .)." (Attachment 1 at 23, Bates 1939).

---

[1] U.S. EPA, Press Release: Trump EPA Kicks Off Formal Reconsideration of Endangerment Finding with Agency Partners (Mar. 12, 2025), https://www.epa.gov/newsreleases/trump-epa-kicks-formal-reconsideration-endangerment-finding-agency-partners.

[2] *See* U.S. DOE, Department of Energy Issues Report Evaluating Impact of Greenhouse Gasses on U.S. Climate, Invites Public Comment (July 29, 2025), https://www.energy.gov/articles/department-energy-issues-report-evaluating-impact-greenhouse-gasses-us-climate-invites.

***Federal Records Act Obligations.*** The Federal Records Act ("FRA") requires that agency heads "shall make and preserve records containing adequate and proper documentation of the organization, functions, policies, decisions, procedures, and essential transactions of the agency." 44 U.S.C. § 3101. Agency heads also "shall establish safeguards against the removal or loss of records," including by "making it known to officials and employees of the agency . . . that records in the custody of the agency are not to be alienated or destroyed," *id.* § 3105; and "shall establish and maintain an active, continuing program for the economical and efficient management of the records of the agency," *id.* § 3102.

Individual federal employees also have obligations under the law. The FRA requires that federal employees "may not create or send a record using a non-official electronic messaging account unless such officer or employee" ensures the record is preserved, such as by "forward[ing] a complete copy of the record to an official electronic messaging account of the officer or employee not later than 20 days after the original creation or transmission of the record." 44 U.S.C. § 2911(a). Congress implemented this update to the FRA in 2014 to make clear that "an employee of an executive agency may not create or send a record from a nonofficial electronic messaging account without ensuring such record was submitted to an official electronic messaging account."[3]

The FRA further requires that the head of an agency "notify the Archivist of any actual, impending, or threatened unlawful removal, defacing, alteration, corruption, deletion, erasure, or other destruction of records in the custody of the agency, and with the assistance of the Archivist shall initiate action through the Attorney General for the recovery of records." 44 U.S.C. § 3106(a).

Federal records include "all recorded information, regardless of form or characteristics, made or received by a Federal agency under Federal law or in connection with the transaction of public business." 44 U.S.C. § 3301(a)(1)(a).

***Freedom of Information Act ("FOIA") Obligations.*** Pursuant to FOIA, DOE must promptly make records available to any person that requests them, so long as the request is reasonably clear and satisfies agency rules. 5 U.S.C. § 552(a)(3)(A). The agency must issue a determination on a FOIA request within 20 working days from the date of receipt, *id.* § 552(a)(6)(A)(i), and "the agency must at least inform the requester of the scope of the documents that the agency will produce, as well as the scope of the documents that the agency plans to withhold under any FOIA exemptions." *Citizens for Responsibility & Ethics in Wash. v. Fed. Election Comm'n*, 711 F.3d 180, 186 (D.C. Cir. 2013). Government records, even if held in a personal email account or elsewhere outside of the government in violation of obligations under the FRA, are subject to FOIA. *See Competitive Enter. Inst. v. Office of Sci. & Tech. Policy*, 827 F.3d 145, 149 (D.C. Cir. 2016).

EDF has submitted 15 FOIA requests to DOE since January 2025, with at least eight requests seeking correspondence of Trump Administration officials at DOE including emails, voicemails, text messages, Signal messages, and correspondence transmitted through any other electronic platform. EDF sought expedited processing for 13 of those requests in light of the urgent public

---

[3] U.S. Senate Comm. on Homeland Sec. and Govt. Affairs, *Presidential and Federal Records Act Amendments of 2014*, S. Rep. No. 113-218 at 5 (2014), https://www.congress.gov/committee-report/113th-congress/senate-report/218/1?outputFormat=pdf.

3

interest in accessing information about significant agency actions. To date, EDF has not received any records from DOE in response to these FOIA requests.

***The Secretary must uphold his duties under the FRA and FOIA***. EDF is concerned that DOE political officials are systematically using non-governmental emails and electronic messaging accounts to conduct official government business, and that the agency may be failing to appropriately preserve these records and, when requested, provide them to the public. The Secretary must notify the Archivist of any actual, impending, or threatened unlawful erasure or other destruction of DOE records, and must initiate action through the Attorney General to recover such records. Then, the Secretary must ensure that DOE is fulfilling its obligations under FOIA to release such records.

EDF respectfully requests that the Secretary immediately take all appropriate actions to fulfill these obligations—including to ensure preservation of records in the possession of former agency staff, and to ensure that employees are appropriately creating and preserving records within government systems on a going-forward basis. EDF requests that by March 2, the Secretary respond in full to describe any and all actions taken to address this time sensitive matter, including the initiation of any actions in conjunction with the Archivist and the Attorney General to recover records.

Respectfully,

Erin Murphy
Peter Zalzal
Environmental Defense Fund
555 12th Street NW, Suite 400
Washington, DC 20004
emurphy@edf.org
202-572-3525

Cc:    Sarah Nelson, Acting DOE Inspector General
Jeffrey Novak, Principal Deputy General Counsel and Designated Agency Ethics Official
Carl Coe, Chief of Staff to the Secretary

4