IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ENVIRONMENTAL DEFENSE FUND,

Plaintiff,

v.

CHRISTOPHER WRIGHT,
Secretary of Energy, et al.,

Defendants.

Civil Action No. 26-0928 (CJN)

## MOTION FOR EXTENSION OF TIME TO RESPOND TO AMENDED COMPLAINT

Pursuant to Federal Rule of Civil Procedure ("Rule") 6(b)(1), Defendants, by and through undersigned counsel, move the Court for an extension of twenty-eight days, to September 17, 2026, of the current deadline for Defendants to respond to the Amended Complaint. As set forth in the Local Rule 7(m) Statement below, Plaintiff consents to an extension to September 3, 2026, but opposes a longer extension. As grounds for this extension request, Defendants state as follows.

1. By motion dated July 30, 2026, Defendants had moved for a fourteen-day extension of their deadline to respond to the Complaint, which the Court granted by order dated August 1, 2026, making Defendants' response deadline August 14, 2026. In that motion, Defendants noted that Plaintiff had advised that Plaintiff "may file an amended complaint in the coming days," and Defendants reserved the right to seek a further extension were that to occur. Mot. (ECF No. 16) at 2; *id*. at 2 n.2.

2. On August 6, 2026, Plaintiff filed an Amended Complaint (ECF No. 17). The Amended Complaint asserts additional allegations based on alleged developments that arose after the filing of the original Complaint, including asserting an alleged additional Federal Records Act

violation relating to the alleged use of the messaging app Signal (the original Complaint related to the alleged use of private email).[1] *See generally* Am. Compl. Redline (ECF No. 17-1).  Pursuant to Rule 15(a)(3), Defendants' deadline to respond to the Amended Complaint is August 20, 2026. Defendants seek an extension of that deadline to September 17, 2026. There is good cause for the requested extension.

2.    The Assistant United States Attorney who has been handling this case has been on extended leave since the beginning of July and is expected to be on leave through the end of September.  The undersigned is handling this matter while that attorney is on leave, as well as various other matters on the referenced AUSA's docket, in addition to the undersigned's supervisory responsibilities overseeing a team of AUSAs who each have a voluminous caseload. Consequently, the undersigned has had limited ability to work on this matter after the filing of Plaintiff's Amended Complaint, and also has other upcoming deadlines in other matters, including an all-day mediation scheduled for August 19, 2026, that also will require advanced preparation. The requested extension also takes into account other deadlines in numerous other matters during the requested extension period as well as demands placed on the undersigned from his supervisory responsibilities.   Accordingly, Defendants request an extension of their deadline to respond to the Amended Complaint to September 17, 2026.

---

[1]    Although denominated as an "amended" Complaint, Plaintiff's pleading is properly considered a "supplemental" Complaint because it alleges a "transaction, occurrence, or event that happened after the date of the [original] pleading," and should have been accompanied by a motion for leave to file.  *See* Rule 15(d).  Defendants reserve all rights in that regard.

3.      Pursuant to Local Rule 7(m), undersigned counsel for Defendants conferred by email with Plaintiff's counsel regarding the relief requested in this motion, and Plaintiff's counsel has requested that the following position be included in this motion: "EDF consents to a two-week extension but opposes a lengthier extension given that there have already been multiple extensions in this matter and EDF's amended complaint does not significantly expand the scope of the case." However, for reasons set forth above, the requested extension is warranted, including because the current pleading asserts an additional alleged Federal Records Act violation that Defendants will need time to evaluate and address in their response, which is expected to be a motion to dismiss. Having chosen to expand the scope of this lawsuit, Plaintiff cannot be heard to claim that an additional fourteen days (beyond the period to which Plaintiff consents) would cause undue delay in this matter.

4.      A proposed order is attached.

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: */s/ Jeremy S. Simon*
JEREMY S. SIMON, D.C. BAR #447956
DERRICK A. PETIT D.C. BAR # 144466
Assistant United States Attorneys
601 D. Street, N.W.
Washington, D.C. 20530
(202) 252-2528

*Attorneys for the United States of America*

3