IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ENVIRONMENTAL DEFENSE FUND,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER WRIGHT,<br>Secretary of Energy, et al.,<br><br>Defendants. | Civil Action No. 26-0928 (CJN) |

**DECLARATION OF MICHELLE BRADLEY**

I, Michelle Bradley, declare as follows:

1. I am currently the Acting Director for the Records Management Oversight and Reporting Program ("ACO") at the National Archives and Records Administration ("NARA") having been appointed to this position by the Acting Chief Records Officer of the United States, Dr. William Fischer, effective April 6, 2026. Concurrently, I serve as the Director of NARA's Records Management Training Program, a role I have held since September 2024. Prior to taking on my current roles, I served as a Supervisor in the Records Management Training Program from January 2016 to September 2024, and as Director of Archival Operations for National Archives at San Francisco from December 2012 to January 2016. I hold a Bachelor of Arts degree in History from Trinity College and a Master of Arts in History from Texas A&M University-Corpus Christi, and I am working toward a Doctor of Philosophy in Military History from the University of Wales Trinity Saint David's College.

2. In my present position as the Acting ACO Director, I lead oversight initiatives to monitor and improve executive branch agencies' compliance with records management regulations and requirements. I am responsible for planning systematic inspections, assessments, systems audits, case management, and reporting to identify compliance gaps, operational challenges, and opportunities for improvement in executive branch records management programs. As part of this work, I oversee the team that manages NARA's unauthorized disposition ("UD") cases.

3. I am aware that there is currently a lawsuit against the Department of Energy ("DOE") and NARA challenging the agencies' compliance with the Federal Records Act ("FRA") concerning the use of personal email accounts and Signal to conduct government business.

4. Due to the nature of my official duties, I am familiar with NARA's UD procedures and the Plaintiff Environmental Defense Fund's UD allegations in particular.

5. The statements contained in this declaration are based upon my personal knowledge, upon information provided to me in my official capacity, and upon conclusions and determinations reached and made in accordance therewith.

## I. NARA's Unauthorized Disposition Procedure

6. A UD is an unauthorized removal, defacement, alteration, or destruction of federal records. ACO is responsible for handling all UD cases, including tracking each allegation and any communications with the agency until the issue is resolved.

7. ACO learns of UD allegations from a variety of sources, including agencies, news media, and private citizens. Once it becomes aware of a UD allegation, ACO, in conjunction with NARA's Office of General Counsel, determines whether the allegation is sufficiently

credible to open a case; in other words, NARA determines whether the allegations are sufficiently plausible to warrant asking the agency to investigate and report back. 36 CFR 1230.16. This initial credibility determination is not a determination that an unauthorized disposition has occurred.

8. ACO then drafts a letter ("notification letter") to the agency notifying the agency of the allegation, requesting the agency to investigate the allegation, and requiring the agency to submit a report that includes (1) a complete description of the records with volume and dates if known; (2) the office maintaining the records; (3) a statement of the exact circumstances surrounding the removal, defacing, alteration, or destruction of records; (4) a statement of the safeguards established to prevent further loss of documentation; and (5) when appropriate, details of the actions taken to salvage, retrieve, or reconstruct the records. See 36 CFR 1230.14. The draft notification letter then undergoes a review process before it is sent to the agency.

9. The responding agency has thirty days from the date of the notification letter to submit its report ("agency report"), though ACO may grant extensions. Once the agency submits its agency report, ACO evaluates its contents to determine whether the agency sufficiently demonstrated that no UD occurred or, in the event a UD did occur, that the agency performed reasonable efforts to recover the missing or destroyed records. If the agency report is not sufficient, NARA will continue to engage in cooperative efforts until the agency performs these reasonable efforts to recover records or has determined their fatal loss. Once the agency meets this standard, NARA will close the UD case, unless there is a related, ongoing issue such as litigation or an investigation by the agency's inspector general.

10. If an agency is not cooperative, NARA will engage in a series of escalating measures to resolve the case.

**II. Plaintiff's February 2026 UD Allegation**

11. On February 9, 2026, Plaintiff submitted a UD allegation to James Byron, then Senior Advisor to the Archivist of the United States, and William Fischer, the Acting Chief Records Officer ("CRO"). Plaintiff alleged that DOE employees "have used, and may be continuing to use, personal email addresses to conduct government business." I understand that this letter is attached as an exhibit to the DOE declaration accompanying Defendants' Motion to Dismiss. On the same day, the Acting CRO forwarded the allegation to ACO for their review.

12. On February 10, 2026, ACO assigned a case number to the UD allegation.

13. On February 18, 2026, ACO determined that the UD allegation was credible and on February 19, 2026, it opened the case. On February 26, 2026, ACO began the process of preparing a draft notification letter regarding Plaintiff's UD allegation about email.

14. On March 26, 2026, ACO and the Office of General Counsel determined that the notification letter was ready to send to DOE, once it received final approval.

15. On March 27, 2026, NARA learned of the instant lawsuit and decided to temporarily hold the notification letter to determine the impact of the litigation.

16. On May 6, 2026, ACO sent the notification letter to DOE's Departmental Records Officer ("DRO") and requested DOE to submit its agency report within thirty days.

17. On June 4, 2026, DOE requested, and ACO approved, a two week extension of the deadline to submit its agency report.

18. On June 18, 2026, DOE submitted its agency report to ACO. Attachments to the report were later provided on June 30, 2026.

19. Through the agency report, the DOE DRO partially substantiated Plaintiff's UD allegation, noting that "[e]mails were sent or received from the personal email accounts of three DOE officials" between March and August 2025. The DRO noted that this use was discovered during the course of Plaintiff's lawsuit against DOE and EPA (Case No. 1:25-12249-WGY). The DRO reported that DOE's Office of the General Counsel engaged with the three DOE employees to ensure that they forward all DOE Climate Working Group-related and other work-related emails from their personal email accounts to their official government email accounts. DOE's Office of the General Counsel further confirmed with all three individuals that these actions were completed.

20. The DOE DRO also described the efforts it has taken to prevent future loss of records. The DRO reported that, in June 2026, DOE appointees completed a training on recordkeeping responsibilities, including the required use of official messaging accounts. The DOE DRO also noted that DOE's records management guidance and training for advisory committee members will be updated to include the requirement that DOE staff participating in advisory committees must communicate using DOE official messaging accounts.

21. NARA has determined that the agency report satisfies the reporting obligation in 36 CFR 1230.14 and that DOE has sufficiently demonstrated that it has recovered all federal records allegedly removed by the custodians. However, the UD case will remain open due to the ongoing litigation.

**III. Plaintiff's June 2026 UD Allegation**

22. On June 4, 2026, Plaintiff submitted a second UD allegation to Edward Forst, then Acting Archivist of the United States, and the Acting CRO. Plaintiff alleged that a DOE political official "regularly used Signal for substantive work communications." On the same day, the Acting CRO forwarded the allegation to ACO for their review.

23. On June 12, 2026, ACO considered the credibility of the June 4, 2026 allegation in connection with the February 9, 2026 EDF letter and supporting evidence. Based on the totality of the circumstances, NARA considered the June 4, 2026 allegation to be credible and opened a case.

24. On June 12, 2026, ACO began the process of drafting a notification letter about the Plaintiff's Signal allegations.

25. On July 30, 2026, ACO sent the notification letter to DOE's DRO and requested DOE to submit its agency report by August 31, 2026.

26. On August 31, 2026, DOE requested a thirty-day extension of the deadline to submit its agency report. On September 11, 2026, NARA granted the extension request, and requested that the agency submit its agency report by October 12, 2026.

27. On September 14, 2026, DOE submitted its agency report. The report noted that the "Office of the Chief Information Officer (OCIO) completed a digital investigation of Mr. Seth Cohen's Government Furnished Equipment (GFE) and determined that Signal was not, and has never been, installed on his GFE devices. We have no indication of any unauthorized destruction of records regarding Mr. Cohen."

28. NARA has not yet determined whether the agency report satisfies the agency's reporting obligation in 36 CFR 1230.14.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 17th day of September, 2026.

Michelle Bradley MICHELLE BRADLEY Digitally signed by MICHELLE BRADLEY Date: 2026.09.17 12:08:46 -04'00'

Michelle Bradley
Acting Director
Records Management Oversight and Reporting Program
National Archives and Records Administration
College Park, Maryland