**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

ENVIRONMENTAL DEFENSE FUND,

*Plaintiff*,

v.

CHRISTOPHER WRIGHT, in his official capacity as Secretary of Energy, *et al.*,

*Defendants.*

Case No. 26-cv-928

Judge Carl J. Nichols

**PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED AND/OR SUPPLEMENTAL COMPLAINT *NUNC PRO TUNC***

Pursuant to Federal Rules of Civil Procedure 15(a) and 15(d), Plaintiff Environmental Defense Fund respectfully requests leave to file the amended complaint that it previously filed on August 6, 2026. *See* Dkt. 17. As explained in EDF's opposition to Defendants' motion to dismiss, EDF believes that it was entitled to file the amended complaint as of right under Rule 15(a) because Defendants had not yet served a responsive pleading at the time EDF filed the amended complaint. Out of an abundance of caution, however, should the Court conclude that the amended complaint was actually a "supplemental" complaint requiring leave of Court under Rule 15(d), EDF is now seeking leave to file the complaint *nunc pro tunc*. EDF has conferred with counsel for Defendants, who states that Defendants oppose this motion.

Rule 15(d) provides that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Courts "typically resolve motions to supplement under Rule 15(d) and motions to amend under Rule 15(a) via the same standard." *Competitive Enter. Inst. v. McCarthy*, No. 21-cv-1238, 2021 WL 9937858, at *3

(D.D.C. Oct. 7, 2021) (quotation omitted). Under that standard, "Rule 15(d) motions should be freely granted when doing so will promote the economic and speedy disposition of the entire controversy between the parties, will not cause undue delay or trial inconvenience, and will not prejudice the rights of any of the other parties to the action." *Id.* (quotation omitted); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) (setting out same standard in Rule 15(a) context). "It is the opposing party's burden to demonstrate why leave should not be granted." *Competitive Enter. Inst.*, 2021 WL 9937858, at *3 (quotation omitted).

Here, granting EDF leave to supplement its complaint is appropriate given that the new allegations arise out of and are directly related to the context and subject matter of the original complaint. In EDF's original letters to DOE and NARA, EDF expressed its concern—based on the evidence it uncovered in *EDF v. Wright*, No. 25-cv-12249 (D. Mass.)—that DOE officials were "systematically using non-governmental email and electronic messaging accounts to conduct official government business." *See* Dkt. No. 12-1 at 4. After EDF learned that at least one DOE official (Seth Cohen) used the messaging app Signal for substantive work communications, EDF wrote to NARA to request that NARA's investigation include review of the use of Signal by Cohen, who was already a subject of NARA's investigation into the allegations in EDF's original letters. Dkt. 12-3 at 1. The supplemental complaint includes allegations related to this EDF correspondence with NARA and NARA's failure to respond. Treating these interconnected issues "together in the same civil action will promote judicial economy and prevent balkanized resolution to [EDF]'s overall complaint," which "weigh[s] in favor of granting leave to supplement under Rule 15(d)." *Competitive Enter. Inst.*, 2021 WL 9937858, at *3.

Allowing supplementation also will not cause undue delay or trial inconvenience. This case is still in the early stages, with Defendants just having filed a motion to dismiss. EDF is requesting leave to file the amended complaint that it previously filed on August 6 as a supplemental complaint *nunc pro tunc*, so granting supplementation would not affect the schedule in this case in any way. Indeed, in Defendants' motion to dismiss, they also raised arguments related to the amended complaint. *See* MTD 11. Accordingly, there would be no need for Defendants to file a new motion to dismiss, as the relevant arguments are already briefed. For the same reason, Defendants would not be prejudiced by the Court granting EDF leave to file the supplemental complaint. *See Competitive Enter. Inst.*, 2021 WL 9937858, at *4 (no prejudice where supplementation would "not inhibit the ability of . . . Defendants to advance their Rule 12(b)(6) argument[s]").

Accordingly, if the Court concludes that leave of Court was required, EDF respectfully requests that the Court grant it leave to file the amended complaint that it previously filed (Dkt. 17) as an amended and/or supplemental complaint, *nunc pro tunc*.

Dated: October 1, 2026

*/s/ Lynn D. Eisenberg*
Daniel F. Jacobson (D.C. Bar 1016621)
Lynn D. Eisenberg (D.C. Bar 1017511)
John Robinson (D.C. Bar 1044072)
JACOBSON LAWYERS GROUP PLLC
5100 Wisconsin Ave, Suite 301
Washington, DC 20016
Tel: (301) 823-1148
lynn@jacobsonlawyersgroup.com

*/s/ Erin Murphy*
Erin Murphy (Bar ID D00532)*
ENVIRONMENTAL DEFENSE FUND
555 12th St. NW, Suite 400
Washington, D.C. 20004
(202) 572-3525

emurphy@edf.org
**Practicing pursuant to D.C. Ct. App. Rule 49(c)(3)*

*Counsel for Environmental Defense Fund*