**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ENVIRONMENTAL DEFENSE FUND,<br><br>*Plaintiff*,<br><br>v.<br><br>CHRISTOPHER WRIGHT, in his official capacity as Secretary of Energy, *et al.*,<br><br>*Defendants.* | Case No. 26-cv-928<br><br>Judge Carl J. Nichols |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED AND/OR SUPPLEMENTAL COMPLAINT *NUNC PRO TUNC***

Plaintiff Environmental Defense Fund (EDF) respectfully submits this reply in support of its motion for leave to file the amended complaint that it previously filed on August 6, 2026 as an amended and/or supplemental complaint, *nunc pro tunc*. *See* Mot. for Leave, Dkt. No. 21.

As explained in Plaintiff's motion for leave, courts apply the same standard to a motion seeking leave to supplement a complaint under Rule 15(d) as they would to a motion seeking leave to amend under Rule 15(a). Under that standard, a motion for leave "should be freely granted when doing so will promote the economic and speedy disposition of the entire controversy between the parties, will not cause undue delay or trial convenience, and will not prejudice the rights of any of the other parties to the action." *Competitive Enter. Inst. v. McCarthy*, No. 21-cv-1238, 2021 9937858, at *3 (D.D.C. Oct. 7, 2021) (quotation omitted). Plaintiff has explained why that standard is easily met here. Mot. for Leave at 2–3. Granting leave would promote judicial economy and prevent piecemeal resolution of EDF's claims, and there would be no delay or prejudice to Defendants, who have already briefed the relevant issues. *Id.*

In their opposition to Plaintiff's motion for leave, Defendants do not address the standard for amendment or contest that it has been met. *See* Defs.' Combined Reply and Opp. to Mot. for Leave 16–18, Dkt. No. 23. Defendants do not suggest that amendment would result in delay or prejudice to the government. *Id.* Instead, Defendants' sole argument is that amendment or supplementation would be "futile" because, in their view, it would not survive a motion to dismiss. *Id.* Plaintiff has explained why Defendants' motion to dismiss should be denied, including as to the arguments Defendants have made with respect to the amended complaint. *See* Pls. Opp. to Mot. to Dismiss 13–30, Dkt. No. 20. For those same reasons, the amended complaint is not futile. Accordingly, Plaintiff respectfully requests that the Court grant its motion for leave.

Dated: October 29, 2026

*/s/ John Robinson*
Daniel F. Jacobson (D.C. Bar 1016621)
Lynn D. Eisenberg (D.C. Bar 1017511)
John Robinson (D.C. Bar 1044072)
JACOBSON LAWYERS GROUP PLLC
5100 Wisconsin Ave, Suite 301
Washington, DC 20016
Tel: (301) 823-1148
john@jacobsonlawyersgroup.com

*/s/ Erin Murphy*
Erin Murphy (Bar ID D00532)*
ENVIRONMENTAL DEFENSE FUND
555 12th St. NW, Suite 400
Washington, D.C. 20004
(202) 572-3525
emurphy@edf.org
**Practicing pursuant to D.C. Ct. App. Rule 49(c)(3)*

*Counsel for Environmental Defense Fund*